UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20849-CIV-GOLD/McALILEY

**CLX & ASSOCIATES, INC.,** and
**ROBERT WEIDENBAUM,**

      Plaintiff,

vs.

**MARINE EXPLORATION, INC., PAUL
D. ENRIGHT, the ENRIGHT FAMILY
TRUST,** and **MIGUEL THOMAS GONZALEZ,**

      Defendant.                          /

**ORDER REQUIRING COMPLIANCE WITH LOCAL RULE 16.1
OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**THE COURT**, on its own motion, **ORDERS AND ADJUDGES**:

1.  Unless otherwise exempted under S.D.Fla.L.R. 16.1(B)(4) of the United States District Court and this order, all parties are required to meet and comply with S.D. Fla.L.R. 16.1(B) and this Order within twenty (20) days after the filing of an answer [or the filing of a motion to dismiss] by the last answering defendant(s); **or** in a case removed from state court, within thirty (30) days from the Notice of Removal, **whichever shall occur first**. No extensions will be granted absent extraordinary good cause shown.

2.  In addition to filing a joint scheduling report per S.D.Fla.L.R. 16.1(B)(2), the parties shall fill out, and timely file, the following information, no later than the date stated above:

    a. **Inclusion of dates certain in a completed version of Appendix I and completion of Appendix II (addressing magistrate judge consent) attached to this Order.**

**PLEASE NOTE: [APPENDIX I AND II SHALL BE FILED AS *TWO SEPARATE* DOCUMENTS WITH THE COURT.  DO NOT ATTACH THE CONSENT FORM TO THE JOINT SCHEDULING REPORT**.

b. A designation of the case management track under which the case will be processed, as defined in S.D.Fla.L.R. 16.1(A)(2), based upon the projected time needed for trial and a proposed trial date.

c. A statement of whether the case is to be trial by jury or non-jury.

d. A plain statement of the nature of the claim and any counter-claim, cross-claim, or third-party claim, including the amount of damages claimed, a preliminary statement of how such damages were calculated and any other relief sought.

e. A brief summary of facts which are uncontested or which can be stipulated to without discovery.

f. A recital of the issues as presently known.

g. A list and summary of any pending motions.

h. The progress of discovery in the case, if any, to date, and any pending or anticipated discovery problems which require early court resolution. [1]

i. Any unique legal or factual aspects of the case requiring special consideration by the Court including jurisdictional issues or questions concerning lack of subject matters jurisdiction.

j. Any potential need for references to a special master or magistrate.

k. Any particular need for an early case management conference to be held by the Court.

l. Status of any potential settlement.

m. Specify whether, and the manner in which, the Manual on Complex Litigation, Third Edition, would be of assistance in the cause.

---

[1] Please refer to Magistrate Judge McAliley's discovery procedures which are attached hereto.

n. If counsel have conferred or not regarding whether the "disclosure requirement" imposed by Fed.R.Civ.P.(26)(a)(1-4), should apply to this case by court order or by "written stipulation of all affected parties" and the result of such conference, if any.

o. Such other matters as may aid the Court in the fair and expeditious administration and disposition of the case.

3. Any failure to abide by the required rules and this Order shall subject the party or counsel to appropriate penalties, **including but not limited to the dismissal of the cause, or the striking of defenses and entry of judgment**, and/or the imposition of monetary or other sanctions as authorities by Fed.R.Civ.P. 16(f).

4. Following the submission of the Conference Report, the Court may require a status conference prior to adopting the Conference Report by order. **The Court will issue a scheduling order based upon the parties submission, therefore a form order is not required.**

5. Counsel for Plaintiff, [or Plaintiff if proceeding *pro se]*, shall be responsible for giving notice of the requirements of this subsection to each defendant or counsel for each defendant as soon as possible after such defendant's first appearance.

**ORDERED IN CHAMBERS** this 14 th day of April, 2008.

**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX I

The *Joint Scheduling Report* is also available on the
Court's website @ www.flsd.uscourts.gov in WordPerfect Format.
[Please refer to *Judge's Information* section]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20849-CIV-GOLD/McALILEY

**CLX & ASSOCIATES, INC., and
ROBERT WEIDENBAUM,**

   **Plaintiff,**

vs.

**MARINE EXPLORATION, INC., PAUL
D. ENRIGHT, the ENRIGHT FAMILY
TRUST, and MIGUEL THOMAS GONZALEZ,**

   **Defendant.   /**

**Joint Scheduling Report**

Pursuant to the Court's Order Requiring Compliance with Local Rule 16.1, the parties have agreed to the following deadlines:

**DATE**            **ACTION**

| | | |
|---|---|---|
| By | | The parties shall exchange the information required by Fed.R.Civ.P. 26(a)(1). |
| By | | Plaintiff's counsel, or any other attorney agreed upon by all parties, shall file a Designation of Mediator. If there is no agreement on a mediator, the parties shall notify the Clerk in writing and the Clerk shall designate a mediator. |
| By | | The parties shall conduct a discovery conference as required by Fed.R.Civ.P. 26(f) (as amended December 1, 2006). **Where applicable, the discussion shall include the discovery of electronically stored information as set forth in Fed.R.Civ.P. 26(f) (as amended December 1, 2006).** |

| | **DATE** | **ACTION** |
|---|---|---|
| By | | The parties shall submit a proposed discovery plan as required by Fed.R.Civ.P 26(f) (as amended December 1, 2006). The discovery plan shall be included in the parties' response to this Order. **In the event a discovery plan cannot be agreed to in good faith, the parties shall state which agreements have been reached, and which disagreements remain to be resolved. Where there is disagreement, the parties shall state their respective positions. Thereafter, the Court shall refer the matter to the Magistrate Judge for hearing and resolution.** |
| By | | Each party shall exchange preliminary lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | | All non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. **When filing non-dispositive motions, the filing party must attach a proposed order to the motion well as emailing the proposed order to gold@flsd.uscourts.gov. Failure to provide the proposed order may result in denial of the motion without prejudice**. Please refer to the docket entry number on the proposed order. The Complete CM/ECF Administrative Procedures are available on the Court's Website at www.flsd.uscourts.gov |
| By | | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |

| | **DATE** | **ACTION** |
|---|---|---|
| By | | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By | | The parties shall comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in local rule 16.1 K. |
| By | | Rebuttal expert reports shall be filed. |
| By | | All expert discovery shall be completed. |
| By | | All non-expert discovery shall be completed. |
| By | | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc,* 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael,* _-U.S._, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** <span style="color:red">Please carefully review the amended instructions for filing motions for summary judgment.</span> |
| By | | Mediation shall be completed. [Ninety days prior to the mediation date, counsel for Plaintiff shall file a notice with the Court indicating the name of the Mediator as well as the place, date and time mediation will take place]. |
| By | | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| On | | Proposed pretrial conference date. |
| On | | Proposed trial date. |

# **APPENDIX II**

**The *Consent to Jurisdiction* is also available on the
Court's website @ www.flsd.uscourts.gov in WordPerfect Format.
[Please refer to *Judge's Information* section]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20849-CIV-GOLD/McALILEY

**CLX & ASSOCIATES, INC., and
ROBERT WEIDENBAUM,**

        **Plaintiff,**

vs.

**MARINE EXPLORATION, INC., PAUL
D. ENRIGHT, the ENRIGHT FAMILY
TRUST, and MIGUEL THOMAS GONZALEZ,**

        **Defendant.**               /

## CONSENT TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION

      In accordance with the provisions of Title 28, United States Code, Section 636(c), the undersigned party to the above-captioned civil matter, by and through undersigned counsel, hereby voluntarily consents to have a United States Magistrate Judge decide the following matters and issue a final order or judgment with respect thereto:

1. Discovery Motions                           Yes ___   No ___
2. Motions for Costs                           Yes ___   No ___
3. Motions for Attorney's Fees                 Yes ___   No ___
4. Motions for Sanctions                       Yes ___   No ___
5. Motions to Dismiss                          Yes ___   No ___
6. Motions for Summary Judgment                Yes ___   No ___
7. Jury or Non-Jury Trial on Merits            Yes ___   No ___
8. Other _____               Yes ___   No ___

_____   _____
(Date)       (Signature)

        _____
        (Printed name of attorney)

        Attorney for _____

_____   _____
(Date)       (Signature)

        _____
        (Printed name of attorney)

        Attorney for _____

## ***AMENDED INSTRUCTIONS, PLEASE READ CAREFULLY***

### INSTRUCTIONS FOR SUMMARY JUDGMENT BRIEFS

**The parties shall comply with the following instructions when filing summary judgment briefs:**

1. When filing a Motion for Summary Judgment, the moving party shall contemporaneously file a Local Rule 7.5 Statement of Undisputed Material Facts delineating by number each material fact, supported with citations to the record.  **Failure to do so may result in dismissal of the Motion for Summary Judgment without prejudice.**

2.  The opposing party shall file contemporaneously with its Opposition a Response to the Statement of Undisputed Material Facts which shall respond, by corresponding number, to each of the moving party's statements of fact.  The opposing party shall state, based on citations to the record, whether each fact is disputed or undisputed.  If the fact is disputed, the opposing party shall state why the dispute is a material one. If the opposing party wishes to state additional facts not included in the moving party's Statement of Undisputed Material Facts, those facts shall be delineated by number and supported by citations.  **Pursuant to Local Rule 7.5 and Eleventh Circuit case law, a failure to respond to each of the moving party's undisputed material facts may lead the Court to accept those material facts as undisputed.** *See United States v. One Piece of Real Property Located at 5800 SW 74th Avenue*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) (stating that a court, after reviewing the record and concluding that there is no genuine issue of material fact, may consider summary judgment movant's facts admitted if the facts are not controverted by the nonmoving party).

3.  If the moving party chooses to reply to the nonmoving parties' statement of disputed facts, the reply shall, by corresponding number, respond to each of the opposing party's facts, stating whether each fact is disputed and/or material.

Pursuant to the Amendments to the Local Rules, effective January 17, 2008, the Statement of Material Facts submitted either in support of or in opposition to a motion for summary judgment shall:

> 4.      Consist of separately numbered paragraphs.
>
> Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs.  Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply.
>
> Local Rule 7.5(C)(3).

**PLEASE NOTE THAT ONCE THIS CASE HAS BEEN RE-ASSIGNED, MAGISTRATE JUDGE McALILEY'S PROCEDURES OUTLINED HEREIN, SHALL SUPERCEDE ANY PRIOR ORDER OF THIS COURT. PURSUANT TO THE DIRECTIVE OF JUDGE ALAN S. GOLD, ALL PARTIES SHALL COMPLY FULLY WITH THESE PROCEDURES UNTIL FURTHER NOTICE FROM THIS COURT.**

**DISCOVERY PROCEDURE FOR
MAGISTRATE JUDGE CHRIS McALILEY**

### MEET AND CONFER

Counsel **must** actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** noticing the dispute for the discovery calendar. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

### DISCOVERY CALENDAR

If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, **they shall not file written motions**. The moving party shall contact the chambers of **Magistrate Judge Chris McAliley at (305) 523-5890** and place the matter on the next available discovery calendar. Judge McAliley holds a regular discovery calendar every **Wednesday, from 10:00 a.m. to 11:30 a.m.** in Courtroom VII, United States Courthouse, 300 N.E. First Avenue. The movant shall contact chambers no later than noon on the Friday preceding the discovery calendar, and shall do so ONLY after conferring with opposing counsel and confirming his or her availability for the discovery calendar.

### NOTICE OF HEARING

On the same day that the matter is placed on the discovery calendar, the movant shall file with the Court and serve on opposing counsel a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and the amount of time counsel believes will be needed to resolve the discovery disputes. The movant shall include in its Notice of Hearing a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (A)(3). **Failure to timely file a Notice of Hearing will result in the matter being removed from the discovery calendar**.

No later than noon on the Monday preceding the discovery calendar, the parties may prepare a Notice of Filing and file with the Court and serve on opposing counsel a copy of any source materials relevant to the discovery dispute. (For example, if the dispute concerns interrogatories, the interrogatories at issue and the responses thereto shall be filed, with some indication of which interrogatories remain in dispute. As another example, correspondence exchanged by counsel as part of the meet-and-confer process, that narrows the discovery disputes and identifies those remaining, may be attached as source materials.) **Counsel shall also deliver a courtesy copy of source materials to Judge McAliley's chambers by the same deadline.**

### NO WRITTEN DISCOVERY MOTIONS

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions **shall be filed unless the Court so directs at the discovery calendar**. Other than the filing of motions, these procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule.

App-8

App-9